**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

IFF CHEMICAL HOLDINGS, INC.,

        Plaintiff,

vs.                                                 Case No. 3:10-cv-738-J-99TJC-JRK

UNITED STEEL, PAPER AND
FORESTRY, RUBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND
SERVICE WORKERS INTERNATIONAL
UNION, et al.,

        Defendant.

**ORDER**

When an employer and union seek federal judicial review of a labor arbitration award even after the affected employee has died, is the case moot? In the circumstances of this case, the answer is yes.

Plaintiff IFF Chemical Holdings, Inc. (IFF) seeks to vacate a labor arbitration award which relates to disability leave under the company's Collective Bargaining Agreement (the CBA). IFF contends the arbitrator's award is not supported by the terms of the CBA and ignores the relevant evidence and law. (Doc. 1.) Defendants United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union and United Steel Workers, Local Union No. 15431 (collectively, the Union) have filed a counterclaim for confirmation of the award. (Doc. 5.) This case is before the Court on the parties' cross-motions for summary judgment. (Docs. 17, 19.) The Court considers the parties' motions and responses (Docs. 17-19, 23, 24), the administrative record filed by the

parties (14, 16), the parties' joint statement of undisputed facts (Doc. 15), and the parties' supplemental briefing (Docs. 34, 35). The Court held a hearing on April 12, 2011, the transcript of which is incorporated by reference. (Doc. 36.)

**I. BACKGROUND**

This case arises from a grievance filed on behalf of the late Ronnie Lunford, an employee of IFF's Jacksonville, Florida plant.[1] After Lunford damaged IFF product by improperly using company equipment, he was placed on a disciplinary suspension on August 27, 2008. Lunford claimed his poor work performance was due to complications from his medical condition and submitted documentation indicating that he required accommodations for his diabetes when he returned to work. IFF granted Lunford medical leave on September 2, 2008 under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601. At this time, Lunford began receiving short term disability benefits pursuant to an insurance policy negotiated under the CBA. This benefit was payable for fifty-two weeks. Lunford remained medically unable to return to work after exhausting his twelve weeks of FMLA leave.

After Lunford's FMLA leave expired, IFF wrote a letter to Lunford and the Union on December 5, 2008, informing them that Lunford was no longer entitled to job protection. The letter stated that when Lunford was able to return to work, he could apply for any available position. Lunford was thus placed on inactive status at IFF and continued to receive short term disability benefits.

The Union filed a grievance in which it claimed that IFF violated the CBA and past

---

[1] The relevant facts are undisputed. Unless otherwise indicated, the information provided in this section is taken from the parties' Joint Stipulation of Facts. (Doc. 15.)

practice by removing Lunford's job protection while he was still on his fifty-two weeks of disability leave. The parties submitted the dispute to arbitration pursuant to the terms of the CBA. Lunford remained medically unable to return to work throughout the grievance and arbitration process. He died on March 22, 2010, after the arbitration hearing, but before the arbitrator rendered a decision.[2]

On May 22, 2010, the Arbitrator issued an award (the Award) granting the Union's request to honor the past practice of providing job protection to employees for up to fifty-two weeks from the date of disability. (Docs. 1-3 at 12; 15 at 6.) IFF now seeks to vacate the Award and obtain a declaration from this Court regarding the application of the CBA to employees on disability leave. The Union has filed a counterclaim to confirm the Award.

The Court *sua sponte* recognized that this case could raise mootness concerns. See AM. Fed'n of Labor and Congress of Indus. Orgs. v. City of Miami, FL, ---F.3d---, 2011 WL 1233628, at *3 (11th Cir. 2011). The "job protection" for Lunford the grievance sought to restore is no longer pertinent. Moreover, because Lunford was medically unable to return to work before his death, the Union has not sought his reinstatement, a monetary remedy such as backpay, or any other relief under the Award. The Court therefore ordered the parties to file supplemental briefs addressing the issue of mootness (Docs. 33-35), and this issue was discussed extensively at the hearing (Doc. 36).

---

[2] The Court was advised at the hearing that neither side suggested to the Arbitrator that Lunford's death rendered the arbitration moot. Of course, the arbitration proceeding was a creation of the CBA and perhaps not bound by the same mootness requirements as this Court.

**II. JURISDICTION**

"[F]ederal courts have jurisdiction to review decisions of labor arbitrators, under Section 301 of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185." Aldred v. Avis Rent-A-Car, 247 F. App'x 167, 170 (11th Cir. 2007). However, "[u]nder Article III of the Constitution, federal courts may only hear cases or controversies. A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." DiMaio v. Democratic Nat'l Comm., 555 F.3d 1343, 1345 (11th Cir. 2009) (quotations omitted).

The parties argue that, despite Lunford's death, this case is not moot because the Court can grant meaningful relief to IFF and the Union. First, the parties contend the Court's decision will affect their positions at the bargaining table when they negotiate a new CBA. (Docs. 34 at 4, 35 at 3.) Second, the parties assert that the Court's decision could affect the job protection of employees in the future by serving as precedent. (Doc. 34 at 2-3; Doc. 35 at 2-3.)[3]

While the Eleventh Circuit has not yet addressed the circumstances in which a motion to vacate or confirm a labor arbitration award will be moot, the First Circuit confronted this issue in Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1983). In Derwin, the

---

[3] At the hearing, the Union stated that there is a present employee who could be affected by the Award. The Union cited to a brief submitted to the arbitrator which indicates that IFF employee Frank Smith was terminated "for the same reason as . . . Mr. Lunford claiming he has exhausted his 12 weeks of FMLA yet he is still receiving STD benefits." (Doc. 16-2 at 6.) However, the partes have provided no details regarding Smith's current circumstances and have not indicated whether he has filed a separate grievance. Neither the Complaint nor the Counterclaim mention Smith; the Award addresses only IFF's actions with respect to Lunford.

4

union filed a grievance which claimed that certain company guidelines violated the parties' collective bargaining agreement. Id. at 485-86. No particular worker was named in the grievance; however, the dispute proceeded to arbitration and the arbitrator entered an award which found that the guidelines complied with the parties' agreement. Although neither the union nor the company challenged the award, the union later sought confirmation.[4] The court noted that the union "merely seeks a court order stating that the award—which consists of a broad compendium of general principles—is confirmed." Id. at 490. The court ultimately held that "the prudential values of Article III . . . militate against ministerial confirmation of awards in the absence of a concrete dispute. . . . To grant the requested confirmation at this juncture would risk injecting the courts improperly into the arbitration process, since absent a concrete dispute . . . [any] order may merely serve to skew the bargaining balance between the parties." Id. at 492.[5]

Often relying on Derwin, a number of district "courts have denied requests to confirm

---

[4] The union sought confirmation because disputes had arisen regarding the proper interpretation of the award. The court did not consider these disputes in its mootness analysis, however, because "none of these incidents [were] mentioned in the complaint nor [was] any relief sought specifically concerning them." Id. at 490.

[5] The Ninth Circuit also applied the mootness doctrine to a factually similar case in Local Union 77, International Brotherhood of Electrical Workers, AFL-CIO v. Puget Sound Power and Light Company, 506 F.2d 523 (9th Cir. 1974). In Puget Sound , a union had sought to compel arbitration when an employee was denied a position for which he had applied. After a grievance and complaint were filed by the union, the company promoted the employee to a different position and the employee no longer had any interest in the position that was the subject of the grievance. Id. at 523. The district court held that the case was moot, but the Ninth Circuit reversed. Applying the voluntary cessation doctrine, the Ninth Circuit found that the case was not moot because the company had not made "it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Id. at 524. As discussed below, the voluntary cessation doctrine does not apply in this case.

[or vacate] arbitration awards between labor and management where there was no live and actual dispute between the parties." 1199 SEIU United Healthcare Workers E. v. Civista Medical Ctr., Inc., No. DKC 10-0479, 2011 WL 310486, at *2 (D. Md. Jan 28, 2011) (holding that there was no case or controversy under Article III because neither party had alleged non-compliance with the arbitration award); see also Steris Corp. v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am., 489 F. Supp.2d 501, 515 (W.D. Pa. 2007) (holding that a motion to confirm an arbitration award did not present a justiciable case or controversy because, "[i]n the absence of allegations that Defendants have refused to comply with the award, Plaintiff cannot show that it has suffered injury"); Montgomery Ward & Co. v. Warehouse, Mail Order, Office, Technical and Prof'l Emps. Union, 911 F. Supp. 1094, 1104 (N.D. Ill. 1995) (dismissing a motion to vacate an arbitration award because neither party had "taken any action inconsistent with the arbitral award giving rise to a concrete dispute"); Local 2414 of the United Mine Workers of Am. v. Consolidation Coal Co., 682 F. Supp. 399, 400 (S.D. Ill. 1988) ("[T]here must be some type of controversy necessitating judicial enforcement of an award in order to justify its confirmation by court order."). But see Bennington Iron Works, Inc. v. J.P. Constr. Co., No. 94-11035-GAO, 1996 WL 208494, at *1-2 (D. Mass. March 6, 1996) (holding that a motion to confirm an arbitration award was not made moot by a party's fulfillment of its payment obligations); Am. Nursing Home v. Local 144 Hotel, Hosp., Nursing Home and Allied Servs. Union, SEIU, AFL-CIO, No. 89 Civ. 1704, 1992 WL 47553, at *2 (S.D.N.Y. March 4, 1992) (same).

This Court finds the reasoning of these cases to be persuasive and holds that there is no "live controversy with respect to which the court can give meaningful relief." DiMaio,

555 F.3d at 1345.  An Order confirming the Award would not grant meaningful relief to the Union since neither Lunford nor any other employee would be subject to reinstatement or a monetary award.  Similarly, the Court can provide no meaningful relief to IFF by vacating the Award since the Award has not forced IFF to take any actions such as extending job protection to an employee whom it would have otherwise replaced.  Although the Court's involvement might be able to affect the parties' negotiating positions at the bargaining table, this is not the type of "meaningful relief" required under Article III.  See Derwin 719 F.2d at 492 ("[A]bsent a concrete dispute . . . [any] order may merely serve to skew the bargaining balance between the parties.")[6]

Rather than present a "live controversy," the relief requested in this case is similar to the request for a declaration of principles sought in Derwin.  Although the parties contend that the Award "may" have a precedential effect with respect to other employees, as a result of Lunford's death the dispute now merely concerns IFF's job protection and medical leave policy in the abstract.  The parties are thus "improperly asking this Court to render an advisory opinion . . . in order to avoid some perceived threat relating to a presently nonexistent 'later grievance.'" Montgomery Ward, 911 F. Supp. at 1104.

Courts have recognized certain exceptions to the mootness doctrine; none is applicable here.[7]  Under Article III of the Constitution, because this case does not present

---

[6] If altering the parties' bargaining positions was sufficient to constitute "meaningful relief" for purposes of Article III, then virtually any advisory opinion could provide such relief.

[7] Despite a finding of mootness, "[a] case can still be heard . . . if we lack assurance that there is no reasonable expectation that the alleged violation will recur, or, as it is commonly stated, the situation is capable of repetition, yet evading review." DiMaio, 555 F.3d at 1345

7

"a live controversy with respect to which the court can give meaningful relief," this Court lacks jurisdiction to hear the case.  See DiMaio, 555 F.3d at 1345.[8]

---

(quotations omitted).  "This standard is satisfied where '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'"  Bourgeois v. Peters, 387 F.3d 1303, 1308 (11th Cir. 2004) (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)).  However, even when these requirements are met, "if there exists some alternative vehicle through which a particular policy may effectively be subject to a complete round of judicial review, then courts will not generally employ this exception to the mootness doctrine."  Id.

This case does not involve an issue that is capable of repetition, yet evading review.  IFF's decision to provide job protection for only twelve weeks of disability leave will not ordinarily have effects which are too short in duration to be fully litigated prior to cessation.  In an ordinary case, an employee could sue for reinstatement or backpay; Lunford has no interest in this case only because he was medically unable to resume active employment with IFF prior to his death.  Any current or future employee (perhaps the mysterious Mr. Smith, see supra note 3) who is denied more than twelve weeks of job protection while on disability leave can thus serve as an "alternative vehicle" to challenge IFF's policy.  Id.  (Of course, the policy may well be clarified in the new upcoming CBA as well.)

"The doctrine of voluntary cessation provides [another] important exception to the general rule of mootness."  Jacksonville Property Rights Ass'n, Inc. v. City of Jacksonville, Fla., ---F.3d---, 2011 WL 1085629, at *6 (11th Cir. 2011) (quotation omitted).  "[T]he voluntary cessation of challenged conduct will only moot a claim when there is no 'reasonable expectation' that the accused litigant will resume the conduct after the lawsuit is dismissed."  Id.  This simply is not a voluntary cessation case.  The issue of mootness has arisen because of Lunford's death rather than any voluntary action on the part of IFF.

[8] Although not discussed in the parties' briefing on the issue of mootness, this Court is also without jurisdiction to consider Count IV of the Complaint, which seeks declaratory relief under 28 U.S.C. § 2201.  "Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'"  Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999).  For declaratory relief to be appropriate, "the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury."  Id.  This Court thus lacks jurisdiction to grant declaratory relief for the same reasons it lacks jurisdiction to consider the parties' claims to vacate or enforce the Award.

Accordingly, it is hereby

**ORDERED**:

1. This action is **MOOT** and therefore **DISMISSED** for lack of jurisdiction.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of April, 2011.

                                                                         TIMOTHY J. CORRIGAN
                                                                         United States District Judge

js.
Copies:

counsel of record